United States District Court
Southern District of Texas
**ENTERED**
April 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROMAN SANTIAGO CENTENO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-2940** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Petitioner Roman Santiago Centeno, a detainee in the custody of U.S. Immigration and Customs Enforcement (ICE) in Houston, Texas, filed a petition for habeas corpus relief under 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Having considered the briefing, the Court hereby **GRANTS** the Petition and **ORDERS** Petitioner's immediate release from detention.

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal. 8 U.S.C. § 1231(a)(1). This "removal period" begins when a removal order "becomes administratively final"; when a court, having stayed removal pending review, issues its final order; or when the noncitizen is released from non-immigration detention. *Id.* If more than one of these conditions applies, the "latest" date controls. *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* The Government may also keep a person in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6). Under recent Supreme Court precedent, "withholding-only proceedings do not disturb the finality of an otherwise final order of removal." *Riley v. Bondi*, 606 U.S. 259, 272

1

(2025); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021) (concluding that "the finality of [an] order of removal does not depend in any way on the outcome of withholding-only proceedings").

Outside of the limited exceptions described above, post-removal period detention is only permissible when there is a "significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) at 701. *Zadvydas v. Davis* contemplated a presumptive six-month period in which post-order detention might be constitutionally permissible. *Id.* at 699. However, the presumption is rebuttable by a showing that removal is not reasonably foreseeable—particularly in cases where a noncitizen is re-detained many years after the initial entry of a final removal order. *See, e.g., Gomez-Simeon v. Bondi et al.*, No. SA-25-CV-01460-JKP, 2025 WL 3470872, at *3 (W.D. Tex. Nov. 24, 2025) (holding that the *Zadvydas* presumption is rebuttable by the noncitizen); *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025) (Hittner, J.) ("[N]othing in *Zadvydas* precludes a challenge to detention before the presumptively constitutional [six-month] time period has elapsed. *Zadvydas* specifically holds that continued detention is proper only when the noncitizen's removal is reasonably foreseeable."); *Zavvar v. Scott*, No. CV 25-2104-TDC, 2025 WL 2592543, at *6 (D. Md. Sept. 8, 2025) (finding that the *Zadvydas* presumption of reasonability "must be rebuttable when, as here, the noncitizen was not initially detained and there was thus a substantial pre-detention period during which Respondents could have arranged for the removal.").[1]

---

[1] Some courts have also found that "there is, at a minimum, a reasonable argument that the six-month period runs continuously from the beginning of the removal period, even if the noncitizen is not detained throughout that period." *See Zavvar v. Scott*, No. 25-cv-2104, 2025 WL 2592543, at *4 (D. Md. Sept. 8, 2025) (collecting cases); *Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *3 (W.D. Tex. Oct. 22, 2025) (noting that "it is unclear whether *Zadvydas*'s six-month period begins immediately when the removal period ends or when the challenging party is physically detained").

Petitioner is a citizen of Honduras. He has entered the United States on multiple occasions—most recently in 2017—and has been removed several times in the past. ECF No. 1 at 2. Petitioner was detained by ICE in September of 2020, at which time he sought protection from persecution and was placed into withholding of removal proceedings. *Id.* He was subsequently released in December of 2020 on an Order of Supervision. An immigration judge denied Petitioner withholding of removal and ordered him removed on October 28, 2022. *Id.* Petitioner timely appealed the Immigration Judge's order as it applied to withholding of removal, but he did not challenge the removal order itself. *Id.* Petitioner's appeal is ongoing, and he also has a pending application for a U-Visa. *Id.* at 5. In January of 2026, Petitioner was re-detained by ICE while attending an ICE check-in. *Id.* at 2. He remains in custody.

The Court concludes that Petitioner's removal order has been final since November of 2021 and the ninety-day removal period afforded Respondents under the INA has long since expired. *See Riley* 606 U.S. at 272 (2025); *Johnson*, 594 U.S. at 536 (2021). Additionally, Petitioner has shown that his removal is not reasonably foreseeable given that his appeal of the Immigration Judge's withholding decision has been pending for over three years and there is no indication that it will soon be resolved.[2] Because Petitioner has rebutted the *Zadvydas* presumption, the Court concludes that his ongoing detention contravenes his due process rights. Accordingly, the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior Order of Supervision.

---

[2] Respondents argue that Petitioner's choice to pursue an appeal of the Immigration Judge's order denying him withholding of removal to Honduras tolled the *Zadvydas* period such that his detention beyond sixth months is constitutional. The Court is not persuaded. Petitioner promptly filed for withholding of removal when he was detained in 2020, and he timely appealed the Immigration Judge's decision in 2022. He may not be detained indefinitely based on his choice to exercise the rights afforded him under law.

2. Respondents must release Petitioner in a public place within the Southern District of Texas and must notify his attorney of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Petitioner shall comply with the conditions of his previous Order of Supervision while released. Respondents may not subject Petitioner to additional conditions of release without a hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until his removal is reasonably foreseeable because Respondents have obtained a travel document allowing for Petitioner's removal from the United States.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 1, 2026,** informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before May 20, 2026.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 28th day of April, 2026.

Keith P. Ellison
United States District Judge

5